ROBINSON v. KALBFLEISCH.

*Contract — illegal contract avoids agreements made in furtherance of it.*

An agreement was made whereby R was to withdraw from candidacy for the office of mayor and run for another office, on condition that K, who was also a candidate for the office of mayor, would pay R's past and future expenses as candidate. *Held*, that the agreement being illegal, a subsequent direction by K to expend money in furtherance of it, and a promise to pay therefor, would be void.

APPEAL by defendant from a judgment in favor of plaintiff, entered upon the report of a referee appointed in pursuance of the statute to determine a claim against executors.

The claim was made by William E. Robinson, against Charles H. Kalbfleisch and others, executors under the last will and testament of Martin Kalbfleisch, deceased, principally for services rendered and money loaned to and expended on behalf of said testator. The facts sufficiently appear from the opinion.

*E. M. Cullen*, for appellants.

*William E. Robinson*, respondent, in person.

BARNARD, P. J. It is not disputed but that the original agreement between plaintiff and Mr. Kalbfleisch, deceased, was illegal. Plaintiff had been nominated by an organization in Brooklyn for mayor, and Mr. Kalbfleisch and Mr. Robinson agreed as follows: Plaintiff was to retire from the candidacy for the office of mayor, and Mr. Kalbfleisch was to be substituted; plaintiff was to be nominated by the same organization for the office of receiver of taxes, and Kalbfleisch was to pay all the expenses "already incurred by Mr. Robinson, and to be incurred" till the election was over.

The referee finds a new agreement, subsequent to this, which he holds legal. I cannot, from the evidence, sustain the finding in this respect. The original proposal, as testified to by the witness Davis, was as follows: "If you agree with me to have my name placed at the head of the ticket, I will pay Mr. Robinson every cent he has spent, or may spend, in this campaign. Let him be named collector of taxes. I will meet the whole expense of Robinson, and his friends with him, on the ticket."

The complete arrangement, as testified to by Sullivan, is as follows: "He had promised us $3,000; I said, what amount are you prepared to give? I shall give you a check for $2,000, and pay all the printing, posting and other expenses I have authorized Robinson to attend to; and said he expected that to be considerable over $1,000, which he had authorized Robinson to go on with."

The witness Grogan testifies to this arrangement as follows: "I called upon the committee of Mr. Robinson's friends at Mr. Kalbfleisch's request, and told them I was authorized to say to them that if Mr. Robinson would accept the position of collector of taxes on Kalbfleisch's ticket, that Kalbfleisch would pay all the expense already incurred by Mr. Robinson and to be incurred till the election was over, if Mr. Robinson would withdraw from the mayoralty contest. *. * * * He authorized me to say to Mr. Robinson that he would pay all the expense, both before and after then, till election." I "told Kalbfleisch that as I was with Mr. Robinson when he ordered the printing tickets, posting, folding, etc., it would approximate to about $1,300. I said, give these men $2,000, and reserve $1,000 to pay Mr. Robinson for printing, and he said 'I will do so.'"

I can see but one contract which included past and future expenses; and even if there were a subsequent direction, and money expended under it, it was in furtherance of the preceding illegal agreement, and a promise to pay therefor is void. *Gray* v. *Hook,* 4 N. Y. 449.

Judgment is reversed and new trial granted, costs to abide event.

*Judgment reversed and new trial granted.*